## VALCOURT VS. SESSIONS.

ADMINISTRATION: *Discharge of sureties on administrator's bond.*

Under the provisions of section 37, Gantt's Digest, the sureties on an administrator's bond may apply to the Probate Court to be discharged, on any of the grounds therein mentioned; but such an application cannot be made under sections 5705, 5711 of the Digest, relating to the discharge of sureties on official bonds.

APPEAL from *Chicot* Circuit Court.

Hon. T. F. SORRELLS, Circuit Judge.

*D. H. Reynolds* for appellant.

An administrator is not an officer, and even if he were there are special provisions regarding him, which sureties must follow in order to be released.

*Jno. G. B. Simms,* for appellee.

This action was based on sections 5705 to 5709 of Gantt's Digest. See *Dempsey* v. *Fenno,* 16 Ark., 491, which may apply as well to administrators as to guardians.

Section 37 was for the benefit of persons interested in the estate to obtain a proper bond. The objects of the acts are different.

HARRISON, J. :

Richard R. Sessions applied to the Court of Probate of Chicot county, by petition in writing, to be discharged as a security on the bond of Alexander DeValcourt, as administrator of Walter Sessions, deceased. His petition alleged that the said DeValcourt was not managing and conducting the business of his intestate's estate in a manner well calculated to promote the interest of himself and his securities, and that he believed it was unsafe for him longer to remain on his bond. The petition was verified by his affidavit, and notice in writing of the intended application, together with a copy of the petition, was personally served on the administrator twenty days before the application was made.

The Court of Probate, without having any evidence, or if there was any, it does not appear by the record, ordered the administrator to give a new bond within twenty days, or, upon default, that his letters be revoked.

The administrator appealed from the order to the Circuit Court.

In the Circuit Court he demurred in short, upon the record, to the petition.

The court overruled the demurrer, and, as the record says, affirmed the judgment of the Court of Probate. He then appealed to this court.

It is provided by section 37, Gantt's Digest, that if any heir, legatee, creditor or security, or other person interested in any estate, shall file in the Probate Court, an affidavit, stating that the affiant has reason to believe that any security in the executor's or administrator's bond has become, or is likely to become insolvent, or has died, or has removed from the State, or that the principal in such bond has become, or is likely to become, insolvent, or is wasting the estate, or that the penalty of such bond is insufficient, or that such bond has not been taken according to law, and shall have given the principal in such bond fifteen days notice of the complaint, the court shall examine the same, and make such order as shall seem proper. If an additional bond be given and approved, the former securities are discharged from any liability for the misconduct of the executor or administrator (section 38); and if the executor or administrator shall fail to give such additional security as may be required, within ten days, his letters shall be revoked. Section 39.

Under these provisions of the statute, the securities of the executor or administrator, who, by reason of their liability, are interested in the proper management of the estate, may, upon showing sufficient cause, be discharged. But the application in this case appears to have been made under the provisions of the

statute in relation to the discharge of securities in official bonds (sections 5705, 5711), which have no apparent relation to the subject; and we cannot suppose the Legislature intended to prescribe two ways of proceeding to obtain such discharge. But besides the irregularity of the proceedings, none of the causes mentioned in the statute, or any other whatever, was shown for the discharge of the petitioner. It was no duty of the administrator to manage the estate to the advantage either of himself or his securities. The interests of the estate are to be solely regarded.

The judgment of the Circuit Court is reversed, and the cause remanded to it with instructions to sustain the demurrer and dismiss the petition.